1  Roberta Robinson (SBN 090114)
   Kimberley V. Deede (SBN 99035)
2  KIRBY & McGUINN, A P.C.
   707 Broadway, Suite 1750
3  San Diego, California 92101
   Telephone: (619) 685-4000
4  Facsimile:   (619) 685-4004

5

6  Attorneys for Trustee, Leonard J. Ackerman

7

8               UNITED STATES BANKRUPTCY COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 |                          | Bankruptcy Case No.   14-05802-CL-7
   | In re                    |
12 |                          |
   | CHERYL ANNE KEENAN       | TRUSTEE'S NOTICE OF SUBPOENA
13 |                          |
   |      Debtor.             |
14

15

16

17       **PLEASE TAKE NOTICE**, pursuant to Federal Rule of Bankruptcy Procedure

18  2004 and 9016 and Federal Rule of Civil Procedure 45, that the Trustee, Leonard J.

19  Ackerman, intends to serve a Subpoena, in the form attached hereto as **Exhibit A**, on

20  VALIC, on October 10, 2014, or as soon thereafter as service may be effectuated.

21       VALIC is to mail for copying and inspection the documents specified in the

22  attachment to Exhibit A, attached hereto and incorporated by reference herein as

23  provided under Federal Rule of Bankruptcy Procedure 2004, to Kirby & McGuinn, A

24

                                     1
                          NOTICE OF SUBPOENA

1  P.C., 707 Broadway, Suite 1750, San Diego CA 92101, Attn: Roberta S. Robinson, on
2  or before November 7, 2014.
3
4  DATED:  October 3, 2014              KIRBY & McGUINN, A P.C.
5
6                                      BY:  /s/ Kimberley V. Deede
                                        Kimberley V. Deede
7                                       Attorneys for Nancy L. Wolf, Trustee

B 257 [12/01/13]

Name, Address, Telephone No. & I.D. No.

Roberta Robinson (SBN 090114)
Kimberley V. Deede (SBN 280841)
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, CA 92101
Telephone: (619) 685-4000; Facsimile: (619) 685-4004

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

CHERYL ANNE KEENAN

Debtor.

BANKRUPTCY NO.* 14-05802-CL-7

Plaintiff(s)

ADVERSARY NO.*

v.

Defendants(s)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

TO: VALIC

*(Name of person to whom the subpoena is directed)*

[✓] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All Documents listed on Exhibit "1"

| PLACE | DATE AND TIME |
|---|---|
| By mail to Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego CA | November 7, 2014 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/14

　　　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　　　　　OR

_____　　　　/s/ Kimberley V. Deede
*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (name of party) Leonard J. Ackerman, who issues or requests this subpoena, are:
Kimberley V. Deede, 707 Broadway, Suite 1750, San Diego, CA 92101; kdeede@kirbymac.com; (619) 685-4000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed.R.Civ.P.45(a)(4).

*If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B 257　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Exhibit A Page 1 of 4**

B 257 (Page 2) [12/01/13]

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[ ] I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the milage allowed by law, in the amount of $ _____ .

My fees are $_____ for travel and $_____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Executed on _____
          (Date)

_____
(Signature of Server)

_____
(Printed name and title)

_____
(Server's address)

Additional information concerning attempted service, etc.:

B 257 (Page 3) [12/01/13]

Federal Rule of Civil Procedure 45(c),(d),(e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party;
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identified as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
. . .

**(g) Contempt.**

The court for the district where compliance is required - and, also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

EXHIBIT "1"

**DOCUMENTS SUBPOENAED:**

1. A copy of the favorable determination letter issued by the IRS identifying the Washington National Insurance Company Annuity, Policy No. 0N581673 as a 403(b) retirement plan.

2. A copy of all financial and accounting statements for Washington National Insurance Company Annuity, Policy No. 0N581673.

1

**Exhibit A Page 4 of 4**

1 | Dean T. Kirby, Jr.   090114
    Roberta S. Robinson 099035
2 | KIRBY & McGUINN, A P.C.
    707 Broadway, Suite 1750
3 | San Diego, California 92101
    Telephone: (619) 685-4000
4 | Facsimile:   (619) 685-4004

5 | Attorneys for Nancy L. Wolf, Trustee

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | Southern District Of California

10 | In re | Bankruptcy Case No. 14-05802-CL-7

11 |

12 | CHERYL ANNE KEENAN | CERTIFICATE OF SERVICE

13 | Debtor.

14

15

16

17     I, Tina Wright, declare under penalty of perjury that the following facts are true

18 and correct:  I am a resident of the State of California and over the age of 18 years and

19 not a party to or interested in the above-entitled matter.  I am an employee of Kirby &

20 McGuinn, A P.C., and my business address is 707 Broadway, Suite 1750, San Diego,

21 California 92101.  On October 3, 2014, I served the following document(s):

22     • **TRUSTEE'S NOTICE OF SUBPOENA**
    by:
23
       ■     MAIL: by placing a true copy(ies) thereof in a sealed envelope(s) in the
24             outgoing mail tray located in my office for deposit in the United States
              mail, with postage fully prepaid, addressed as shown below.  I am readily
              familiar with the business practice at my place of business for collection

CERTIFICATE OF SERVICE

and processing of outgoing mail with the U.S. Postal Service that same day in the ordinary course of business.

**SEE ATTACHED SERVICE LIST**

**James F. Lewin, Esq.**
**THE MORTGAGE LAW FIRM, PLC**
**43180 Business Park Drive, Suite 202**
**Temecula, CA 92590**
**<u>Attorneys for Seterus, Inc.</u>**

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATE:   October 3, 2014                    KIRBY & McGUINN, A P.C.

                                                    By:   /s/ Tina Wright
                                                         Tina Wright

CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0974-3<br>Case 14-05802-CL7<br>Southern District of California<br>San Diego<br>Fri Oct  3 10:44:39 PDT 2014 | U.S. Bankruptcy Court<br>Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101-6991 | Advanced Financial Company<br>5900 Pasteur Ct., Ste. 200<br>Carlsbad, CA 92008-7336 |
| American Express<br>PO Box 981535<br>El Paso, TX 79998-1535 | BAC Home Loan Servicing<br>4161 Piedmont pkwy<br>Greensboro, NC 27410-8110 | California Coast Credit Union<br>9201 Spectrum Drive<br>San Diego, CA 92123 |
| Chase Bank USA<br>PO Box 15298<br>Wilmington, DE 19850-5298 | First American Title Insurance<br>6 Campus Circle, 2nd Floor<br>Westlake, TX 76262-8213 | HSBC Bank<br>P.O. Box 30253<br>Salt Lake City, UT 84130-0253 |
| Law Office of Sara Hamillton<br>30 Corporate Pk., Ste. 211<br>Irvine, CA 92606-3106 | Roberta Robinson<br>KIRBY & McGUINN, APC<br>707 Broadway, Suite 1750<br>San Diego, CA 92101-5393 | Seterus Inc<br>14523 SW Millikan Way<br>Ste. 200<br>Beaverton, OR 97005-2352 |
| Seterus Inc<br>P.O. Box 2008<br>Grand Rapids, MI 49501-2008 | United States Trustee<br>Office of the U.S. Trustee<br>402 West Broadway, Suite 600<br>San Diego, CA 92101-8511 | (p)WYNDHAM CONSUMER FINANCE INC<br>P O BOX 97474<br>LAS VEGAS NV 89195-0001 |
| Ahren Tiller<br>Bankruptcy Law Center<br>1230 Columbia St., Ste. 1100<br>San Diego, CA 92101-8517 | Cheryl Anne Keenan<br>842 Plaza La Paz<br>Chula Vista, CA 91910-6600 | Leonard J. Ackerman<br>6977 Navajo Road, Suite 124<br>San Diego, CA 92119-1503 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

WorldMark by Wyndham
10750 W. Charleston
Las Vegas, NV 89193

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Seterus, Inc., As The Authorized Subservic | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     1<br>Total                  18 |